■ ISRAEL DISCOUNT BANK OF NEW YORK, Appellant, v MILLER, ELLIN & COMPANY, Respondent. (And a Third-Party Action.) [716 NYS2d 14] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered October 12, 1999, dismissing the complaint, and bringing up for review an order, entered on or about August 31, 1999, which, in an action by a lending institution against an accounting firm for negligent misrepre-

sentation, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs. Appeal from the aforementioned order unanimously dismissed, without costs, as superseded by the appeal from the judgment.

The action was properly dismissed upon evidence establishing that the parties' relationship was not one "approaching privity" within the meaning of *Credit Alliance Corp. v Arthur Andersen & Co.* (65 NY2d 536, 545). The offending misrepresentations are contained in "reviews" of plaintiff's borrower's financial statements prepared pursuant to letters of engagement between defendant and the borrower. These reviews repeated statements in the letters of engagement, which did not mention plaintiff, that they were "substantially less in scope than an audit" and did not express "an opinion regarding the [borrower's] financial statements taken as a whole." In addition, the letters of engagement stated that the reviews "cannot be relied on to disclose errors, irregularities, or illegal acts, including fraud or defalcations, that may exist." We also note that the lending agreement between plaintiff and the borrower did not require any financial statements from the borrower and repeatedly referred to plaintiff's right to have its own auditors inspect the borrower's business records. Given this documentary evidence, the absence of any countervailing documents tending to substantiate plaintiff's claim that it relied on the reviews, and the unanswered affidavit of defendant's partner assigned to the borrower that he never heard plaintiff's representatives say that they were relying on the reviews, plaintiff's evidence that it had introduced the borrower and defendant and had several oral communications with defendant concerning the borrower's financial condition does not raise a genuine issue of fact as to whether defendant was aware that its reviews were to be used by plaintiff for the purpose of deciding whether to extend credit to the borrower (*see, id.*, at 551). Concur—Mazzarelli, J. P., Lerner, Rubin, Buckley and Friedman, JJ.